IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS GONZALES,

    Petitioner,               No. 2:11-cv-1446 GEB EFB P

    vs.

GARY SWARTHOUT,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of first degree murder and burglary in the Santa Clara County Superior Court. He challenges a 2008 decision by the Board of Parole Hearings (hereinafter "Board") finding him unsuitable for parole. Respondent moves to dismiss this action on the grounds that it is barred by the one-year statute of limitations and that petitioner has failed to state a valid federal claim for relief. For the following reasons, the undersigned recommends respondent's motion be granted.

**I.    Procedural History**

    In 1989, petitioner was convicted of first degree murder and burglary and was sentenced to 25 years to life. Dckt. No. 1 at 1. Following a parole hearing held on March 19, 2008, the Board determined that petitioner was not suitable for parole. Dckt. No. 1 at 29-112. In his

1

petition, petitioner alleged that the Board's decision violated the Ex Post Facto clause, his rights to due process and equal protection, various state laws, and his Sixth Amendment right to a jury. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the undersigned dismissed all of petitioner's claims with the exception of his Sixth Amendment claim. Dckt. No. 6. Respondent now moves to dismiss petitioner's Sixth Amendment claim arguing that it is barred by the statute of limitations and that petitioner has failed to state a federal claim for relief. Dckt. No. 12.

## II.     Statute of Limitations

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. section 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations for habeas petitions challenging parole suitability hearings is based on section 2244(d)(1)(D), i.e., the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. *Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003). Courts ordinarily deem the factual predicate to have been discovered the day the decision becomes final, i.e., 120 days after the Board finds a petitioner not suitable for parole. *See Van Houten v. Davison*, No. CV 07-5256, 2009 WL 811596, *5-7 (C.D. Cal. March 26, 2009); *Woods v. Salazar*, No. CV 07-7197, 2009 WL 2246237, at *2 (C.D. Cal. Mar. 23, 2009); *Nelson v. Clark*, No. 1:08-cv-0114, 2008 WL 2509509, at *4 (E.D. Cal. June 23, 2008).

### A.     Statutory Tolling

When a petitioner properly files a state post-conviction application, the limitations period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

### B.     Equitable Tolling

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

## III.     Analysis

In this case, the statute of limitations began to run when the factual predicate of petitioner's claim could have been discovered through the exercise of due diligence. *See Redd*, 343 F.3d at 1082. Petitioner participated in the Board's March 19, 2008 hearing. Dckt. No. 1 at 29-112. At the hearing, the Board provided petitioner with reasons why it concluded petitioner was not suitable for parole. *Id*. at 100-112. Thus, petitioner was aware of the factual predicate

for his claim when the Board's decision became final on July 17, 2008. *Id*. at 112. The limitations period commenced the following day, on July 18, 2008. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner therefore had until July 17, 2009, to file his federal habeas petition. The instant petition, however, was not filed until May 21, 2011. Dckt. No. 1. Absent tolling, his application is nearly two years late.

Petitioner's first properly filed state habeas petition was filed on November 21, 2009, after the one year limitations period expired.[1] Resp.'s Mot. to Dism., Ex. A, Dckt. No. 12-1 at 4-18. Because petitioner did not file a state habeas petition prior to the expiration of the limitation period, he is not entitled to statutory tolling. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Petitioner has also failed to make the requisite showing for equitable tolling. In his opposition, petitioner addressed at length respondent's argument that petitioner failed to state a federal claim for relief. Dckt. No. 13. Petitioner does not, however, address the argument that his petition is untimely or provide any facts that would permit the court to find that he is entitled to equitable tolling. Since the instant petition was filed after the limitations period expired and petitioner has failed to show that he is entitled to tolling, the petition must be dismissed as untimely.[2]

////

////

////

---

[1] It appears that petitioner filed a habeas petition in the Santa Clara County Superior Court prior to November 21, 2009. Dckt. No. 12-2 at 67. That petition was denied without prejudice to resubmission on November 6, 2009, because petitioner failed to include necessary documents. *Id*. As that petition was not properly filed, it does not provide a basis for statutory tolling. *See* 28 U.S.C. § 2244(d)(2).

[2] As the undersigned finds that the petition is barred by the statute of limitations, the court declines to address respondent's remaining argument.

4

## IV. Conclusion

The undersigned finds that the petition was not timely filed. Accordingly, it is hereby RECOMMENDED that:

1. Respondent's February 14, 2012 motion to dismiss be granted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases ("[T]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

DATED: July 3, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE